1  Brent H. Blakely (SBN 157292)
   bblakely@blakelylawgroup.com
2  Cindy Chan (SBN 247495)
   cchan@blakelylawgroup.com
3  BLAKELY LAW GROUP
   1334 Parkview Avenue, Suite 280
4  Manhattan Beach, California 90266
   Telephone: (310) 546-7400
5  Facsimile: (310) 546-7401

6  *Attorneys for Plaintiff*
   *Deckers Outdoor Corporation*
7

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11 DECKERS OUTDOOR                ) CASE NO. 2:14-cv-09129-FMO-FFM
   CORPORATION, a Delaware        )
12 Corporation,                   ) **ORDER RE CONSENT JUDGMENT**
                                  ) **INCLUDING PERMANENT**
13              Plaintiff,        ) **INJUNCTION AND VOLUNTARY**
           v.                     ) **DISMISSAL OF ACTION WITH**
14                                ) **PREJUDICE**
   SHIEKH SHOES, LLC, a Limited   )
15 Liability Corporation; and ELLAHI )
   SHIEKH, an individual, and DOES 1-10, )
16 inclusive,                     )
                                  )
17                                )
                Defendants.       )
18                                )

19       **WHEREAS Plaintiff Deckers Outdoor Corporation** having filed a Complaint

20 in this action charging **Defendants Shiekh Shoes, LLC**, and **Ellahi Shiekh**

21 (collectively "Defendants") with Trademark Infringement, Trade Dress Infringement,

22 Patent Infringement, and Unfair Competition arising from Defendants' use of the

23 federally registered "UGG" trademark ("UGG Mark") in advertising to promote,

24 advertise, offer for sale, and/or sell footwear, the designs of which Deckers has alleged

25 infringe upon its Bailey Button Boot Trade Dress (defined below) and Bailey Button

26 Design Patents (defined below) (hereinafter "Disputed Products" - shown below)

27

28



**WHEREAS**, Deckers is the owner of the following design patents issued by the United States Patent and Trademark Office: U.S. Patent Nos. D599,999 for the "Bailey Button Single" boot (registered on September 15, 2009) and D616,189 for the "Bailey Button Triplet" boot (registered on May 25, 2010) (hereinafter "Bailey Button Design Patents"); and

**WHEREAS**, Deckers is the owner of the "Bailey Button Trade Dress," which is characterized substantially by the following primary features in combination as shown below:  (a) classic suede boot styling made famous by the UGG brand; (b) overlapping of front and rear panels on the lateral side of the boot shaft; (c) curved top edges on the overlapping panels; (d) exposed fleece-type lining edging the overlapping panels and top of the boot shaft; and (e) one or more buttons (depending on the height of the boot) prominently featured on the lateral side of the boot shaft adjacent the overlapping panels, and which characterization is accompanied by the following images:

  

**WHEREAS**, the parties hereto desiring to fully settle all of the claims in this action among the parties to this Final Judgment; and

**WHEREAS**, Defendants have agreed to consent to the below terms of a permanent injunction, **IT IS HEREBY ORDERED** that:

1. This Court has jurisdiction over the parties to this Final Consent Judgment and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

2. Defendants and their agents, servants, employees and all persons in active concert and participation with it who receive actual notice of this Consent Judgment are hereby permanently restrained and enjoined from:

    (a) Manufacturing, purchasing, producing, distributing, circulating, selling, offering for sale, importing, exporting, advertising, promoting, displaying, shipping, marketing and/or incorporating in advertising or marketing the Disputed Products and/or any other products which infringe upon the Bailey Button Boot Trade Dress and Bailey Button Design Patents;

    (b) Delivering, holding for sale, returning, transferring or otherwise moving, storing or disposing in any manner the Disputed Products and/or any other products which infringe upon the Bailey Button Boot Trade Dress and Bailey Button Design Patents, except as otherwise provided in this Agreement;

    (c) Using the UGG Mark (however spelled, whether capitalized, abbreviated, singular or plural, printed or stylized, used alone or in combination with any other words, used in caption or text, or used orally or otherwise) or any other

reproduction, counterfeit, copy, colorable imitation, or confusingly similar variation of the UGG Mark in Defendants' advertising of its products, including using the UGG Mark in metatags, in keyword or other pay-per-click advertising, in any internet search engine advertising, in other Internet uses, or in any manner that suggests that Defendants or their products, services, or activities originate from, are affiliated with, are connected to, are associated with, or are sponsored, endorsed, or approved by Deckers;

   (d) In any future proceedings between the parties, challenging the validity, enforceability, or Deckers' ownership of the Bailey Button Boot Trade Dress and/or Bailey Button Design Patents, provided that notwithstanding the foregoing Defendants reserve all other arguments and positions that may be available to them should they be required to defend any design patent and/or trade dress infringement claims by Deckers;

   (e) Knowingly assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs 2(a) to 2(d) above.

  **IT IS FURTHER ORDERED**, pursuant to the parties' stipulation, that:

 3. Deckers and Defendants shall bear their own costs and attorneys' fees associated with this action.

 4. The execution of this Consent Judgment shall serve to bind and obligate the parties hereto. However, dismissal with prejudice of this action shall not have preclusive effect on those who are not a party to this action or who are not specifically released in the parties' written settlement agreement, all claims against whom Plaintiff expressly reserves.

**[CONTINUED ON NEXT PAGE]**

1     5.    The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Consent Judgment, the enforcement thereof and the punishment of any violations thereof. Except as otherwise provided herein, this action is fully resolved with prejudice.

DATED:     April 8, 2015            By: _____/s/_____
                                                 Hon. Fernando M. Olguin
                                                 **United States District Judge**